JIE GAO, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 09–73876.

United States Court of Appeals, Ninth Circuit.

** This disposition is not appropriate for publication and is not precedent except as provid-

Submitted May 15, 2012.*

Filed May 24, 2012.

David J. Rodkin, Esquire, David J. Rodkin Law Firm, New York, NY, for Petitioner.

Joanna L. Watson, Trial, Anthony Paul Nicastro, Esquire, Trial, DOJ—U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Jie Gao, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen. *Guzman v. INS*, 318 F.3d 911, 912 n. 1 (9th Cir.2003) (per curiam). We deny the petition for review.

Gao contends that the BIA erred in denying her motion to reopen because it failed to recognize that Chinese authorities distinguish between activist and non-activist members of the China Democracy Party ("CDP") and that the latter have been subject to increased mistreatment since her in absentia removal order in 2002. The BIA did not abuse its discretion in denying Gao's untimely motion to reopen because the record, including the State Department's 2006 country report, does not show a material change in conditions in China for CDP members since Gao was first ordered removed. *See Almaraz v. Holder*, 608 F.3d 638, 640–42 (9th Cir. 2010). Accordingly, Gao's motion to reopen fails.

## PETITION FOR REVIEW DENIED.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

